NICOLA T. HANNA
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
JENNIFER L. WAIER (Cal. Bar No. 209813)
Assistant United States Attorney
    United States Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 927012
    Telephone:  (714) 338-3550
    Facsimile:  (714) 338-3708
    E-mail:    Jennifer.Waier@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

```
FILED
CLERK, U.S. DISTRICT COURT

11/02/2020

CENTRAL DISTRICT OF CALIFORNIA
BY:        eva        DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:20-cr-00167-DOC |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT PAUL GILMAN |
| v. | |
| PAUL GILMAN, | |
| Defendant. | |

1.    This constitutes the plea agreement between PAUL GILMAN ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

      a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

1  Court, appear and plead guilty to a single-count information charging

2  defendant with one count of wire fraud, in violation of 18 U.S.C.

3  § 1343.

4          b.    Agree that all court appearances, including his change

5  of plea hearing and sentencing hearing, may proceed by video-

6  teleconference ("VTC") or telephone, if VTC is not reasonably

7  available, so long as such appearances are authorized by Amended

8  General Order 20-04 or another order, rule, or statute.  Defendant

9  understands that, under the Constitution, the United States Code, the

10 Federal Rules of Criminal Procedure (including Rules 11, 32, and 43),

11 he may have the right to be physically present at these hearings.

12 Defendant understands that right and, after consulting with counsel,

13 voluntarily agrees to waive it and to proceed remotely.  Defense

14 counsel also joins in this consent, agreement, and waiver.

15 Specifically, this agreement includes, but is not limited to, the

16 following:

17          i.    Defendant consents under Federal Rules of

18 Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES

19 Act to proceed with his initial appearance and arraignment by VTC or

20 telephone, if VTC is not reasonably available.

21          ii.   Defendant consents under Section 15002(b) of the

22 CARES Act to proceed with his waiver of indictment, under Federal

23 Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not

24 reasonably available.

25          iii.  Defendant consents under Section 15002(b) of the

26 CARES Act to proceed with his change of plea hearing by VTC or

27 telephone, if VTC is not reasonably available.

28

1           iv.   Defendant consents under Section 15002(b) of the

2     CARES Act to proceed with his sentencing hearing by VTC or telephone,

3     if VTC is not reasonably available.

4           v.    Defendant consents under 18 U.S.C. § 3148 and

5     Section 15002(b) of the CARES Act to proceed with any hearing

6     regarding alleged violations of the conditions of pre-trial release

7     by VTC or telephone, if VTC is not reasonably available.

8           c.    Not contest facts agreed to in this agreement.

9           d.    Abide by all agreements regarding sentencing contained

10    in this agreement.

11          e.    Appear for all court appearances, surrender as ordered

12    for service of sentence, obey all conditions of any bond, and obey

13    any other ongoing court order in this matter.

14          f.    Not commit any crime; however, offenses that would be

15    excluded for sentencing purposes under United States Sentencing

16    Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

17    within the scope of this agreement.

18          g.    Be truthful at all times with Pretrial Services, the

19    United States Probation Office, and the Court.

20          h.    Pay the applicable special assessment at or before the

21    time of sentencing unless defendant lacks the ability to pay and

22    prior to sentencing submits a completed financial statement on a form

23    to be provided by the USAO.

24                 THE USAO'S OBLIGATIONS

25    3.    The USAO agrees to:

26          a.    Not contest facts agreed to in this agreement.

27          b.    Abide by all agreements regarding sentencing contained

28    in this agreement.

c.     At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.     Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 20 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

e.     Because the justice system is facing an unprecedented crisis through the backlog of cases, the parties agree that the defendant is entitled to a two-level variance as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving all appellate rights, excluding the right to appeal any restitution order.

4

1

## NATURE OF THE OFFENSE

2      4.    Defendant understands that for defendant to be guilty of

3  the crime charged in the single-count information, that is, wire

4  fraud, in violation of Title 18, United States Code, Section 1343,

5  the following must be true: (1) defendant knowingly participated in,

6  devised, or intended to devise a scheme or plan to defraud, or a

7  scheme or plan for obtaining money or property by means of false or

8  fraudulent pretenses, representations, or promises; (2) the

9  statements made or facts omitted as part of the scheme were material;

10 that is, they had a natural tendency to influence, or were capable of

11 influencing, a person to part with money or property; (3) defendant

12 acted with the intent to defraud; that is, the intent to cheat; and

13 (4) defendant used, or caused to be used, a wire communication to

14 carry out or attempt to carry out an essential part of the scheme.

15

## PENALTIES AND RESTITUTION

16     5.    Defendant understands that the statutory maximum sentence

17 that the Court can impose for a violation of Title 18, United States

18 Code, Section 1343 is: 20 years' imprisonment; a three-year period of

19 supervised release; a fine of $250,000 or twice the gross gain or

20 gross loss resulting from the offense, whichever is greatest; and a

21 mandatory special assessment of $100.

22     6.    Defendant understands that supervised release is a period

23 of time following imprisonment during which defendant will be subject

24 to various restrictions and requirements.  Defendant understands that

25 if defendant violates one or more of the conditions of any supervised

26 release imposed, defendant may be returned to prison for all or part

27 of the term of supervised release authorized by statute for the

28 offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.     Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

10.     Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

From at least May 2010 and continuing through at least 2018, defendant owned Oil Migration Group, LLC, WaveTech29, LLC, Stadium Sound 360 LLC, and GilmanSound, LLC that, at times, were operated within the Central District of California.  Defendant claimed to have developed a revolutionary soundwave technology that, among other things, lowered the viscosity of oil, improved sound quality in sports stadiums, and could purify water.  In order to develop the technology, defendant raised money from investors and lenders.

7

1  According to defendant, these funds were to be used to test, patent

2  and license the technology, to purchase equipment, and for other

3  business purposes.  Investors and lenders in defendant's companies

4  relied on defendant's representations that their funds would be used

5  for business expenses.

6      However, as defendant well knew, not all investor funds were

7  used to purchase and install equipment and to further develop the

8  soundwave technology, but rather most of the funds were used for

9  defendant's personal purposes.  In addition, even when defendant

10  earned income from his companies, he failed to repay investors and

11  lenders as promised.  From this scheme, defendant caused over 10

12  victims to lose over $1.5 million but less than $3.5 million.

13      In furtherance of the scheme, on or about December 29, 2015,

14  defendant caused victim F.R. to wire $10,000 from his Bank of America

15  account in Irvine, California, which was processed in New York, New

16  York, to Paul Gilman's City National Bank account located in Newport

17  Beach, California, for the purpose of investing in defendant's

18  company.  Specifically, F.R.'s funds were to be used to finance the

19  purchase of equipment necessary to run experiments.  Instead,

20  defendant used F.R. funds at Mercedes Benz and the Aria Resort &

21  Casino.

22                          SENTENCING FACTORS

23      11.  Defendant understands that in determining defendant's

24  sentence the Court is required to calculate the applicable Sentencing

25  Guidelines range and to consider that range, possible departures

26  under the Sentencing Guidelines, and the other sentencing factors set

27  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

28  Sentencing Guidelines are advisory only, that defendant cannot have

8

any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crime of
conviction.

12.   Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss > $1,500,000 | +16 | U.S.S.G. § 2B1.1(b)(1)(I) |
| More than 10 Victims | +2 | U.S.S.G. §2B1.1(b)(2)(A)(i) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a)&(b) |
| Variance: | -2 | |
| TOTAL OFFENSE LEVEL: | 20 | |

The USAO will agree to a two-level downward adjustment for
acceptance of responsibility (and, if applicable, move for an
additional one-level downward adjustment under U.S.S.G. § 3E1.1(b))
only if the conditions set forth in paragraph 3c are met and if
defendant has not committed, and refrains from committing, acts
constituting obstruction of justice within the meaning of U.S.S.G.
§ 3C1.1, as discussed below.  Subject to paragraph 24 below,
defendant and the USAO agree not to seek, argue, or suggest in any
way, either orally or in writing, that any other specific offense
characteristics, adjustments, or departures relating to the offense
level be imposed.  Defendant agrees, however, that if, after signing
this agreement but prior to sentencing, defendant were to commit an

act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel – and if necessary have the court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel - and if necessary have the court appoint counsel – at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

1    f. The right to testify and to present evidence in

2 opposition to the charges, including the right to compel the

3 attendance of witnesses to testify.

4    g. The right not to be compelled to testify, and, if

5 defendant chose not to testify or present evidence, to have that

6 choice not be used against defendant.

7    h. Any and all rights to pursue any affirmative defenses,

8 Fourth Amendment or Fifth Amendment claims, and other pretrial

9 motions that have been filed or could be filed.

10      WAIVER OF APPEAL OF CONVICTION

11  16. Defendant understands that, with the exception of an appeal

12 based on a claim that defendant's guilty plea was involuntary, by

13 pleading guilty defendant is waiving and giving up any right to

14 appeal defendant's conviction on the offense to which defendant is

15 pleading guilty.  Defendant understands that this waiver includes,

16 but is not limited to, arguments that the statute to which defendant

17 is pleading guilty is unconstitutional, and any and all claims that

18 the statement of facts provided herein is insufficient to support

19 defendant's plea of guilty.

20    LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21  17. Defendant gives up the right to appeal all of the

22 following: (a) the procedures and calculations used to determine and

23 impose any portion of the sentence; (b) the term of imprisonment

24 imposed by the Court, provided it is no more than the high-end of the

25 Sentencing Guidelines range calculated by the Court; (c) the fine

26 imposed by the Court, provided it is within the statutory maximum;

27 (d) to the extent permitted by law, the constitutionality or legality

28 of defendant's sentence, provided it is within the statutory maximum;

(e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.   Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19.   The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to

12

1  pursue any charge that was either dismissed or not filed as a result
2  of this agreement, then (i) any applicable statute of limitations
3  will be tolled between the date of defendant's signing of this
4  agreement and the filing commencing any such action; and
5  (ii) defendant waives and gives up all defenses based on the statute
6  of limitations, any claim of pre-indictment delay, or any speedy
7  trial claim with respect to any such action, except to the extent
8  that such defenses existed as of the date of defendant's signing this
9  agreement.

10                      EFFECTIVE DATE OF AGREEMENT

11      21.  This agreement is effective upon signature and execution of
12  all required certifications by defendant, defendant's counsel, and an
13  Assistant United States Attorney.

14                        BREACH OF AGREEMENT

15      22.  Defendant agrees that if defendant, at any time after the
16  signature of this agreement and execution of all required
17  certifications by defendant, defendant's counsel, and an Assistant
18  United States Attorney, knowingly violates or fails to perform any of
19  defendant's obligations under this agreement ("a breach"), the USAO
20  may declare this agreement breached.  All of defendant's obligations
21  are material, a single breach of this agreement is sufficient for the
22  USAO to declare a breach, and defendant shall not be deemed to have
23  cured a breach without the express agreement of the USAO in writing.
24  If the USAO declares this agreement breached, and the Court finds
25  such a breach to have occurred, then: (a) if defendant has previously
26  entered a guilty plea pursuant to this agreement, defendant will not
27  be able to withdraw the guilty plea and (b) the USAO will be relieved
28  of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

1

<u>NO ADDITIONAL AGREEMENTS</u>

2          27.  Defendant understands that, except as set forth herein,

3    there are no promises, understandings, or agreements between the USAO

4    and defendant or defendant's attorney, and that no additional

5    promise, understanding, or agreement may be entered into unless in a

6    writing signed by all parties or on the record in court.

7          <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

8          28.  The parties agree that this agreement will be considered

9    part of the record of defendant's guilty plea hearing as if the

10   entire agreement had been read into the record of the proceeding.

11   AGREED AND ACCEPTED

12   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
13   CALIFORNIA

14   NICOLA T. HANNA
     United States Attorney

15

16   _Jennifer Waier_                              10/29/2020

17   JENNIFER L. WAIER                             Date
     Assistant United States Attorney

18

19   _Paul Gilman_                                 10/28/20

20   PAUL GILMAN                                   Date
     Defendant

21   _Ann Kim_                                     10/28/2020

22   ANN C. KIM                                    Date
     Attorney for Defendant
23   PAUL GILMAN

24

25

26

27

28

                                    16

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

PAUL GILMAN                                    10/28/20
Defendant                                      Date

17

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Paul Gilman's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          10/28/2020
ANN C. KIM                                Date
Attorney for Defendant
PAUL GILMAN

18